UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEAVON PIERCE,<br><br>    Plaintiff,<br><br>v.<br><br>PRISON LAW CLINIC, et al.,<br><br>    Defendants. | No. 2:15-cv-2692 KJM AC P<br><br><br>ORDER |

Plaintiff, a state prisoner proceeding pro se, has filed a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff seeks leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. ECF No. 2.

The Prison Litigation Reform Act of 1995 (PLRA) permits any court of the United States to authorize the commencement and prosecution of any suit without prepayment of fees by a person who submits an affidavit indicating that the person is unable to pay such fees; however,

> [i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

////

1

28 U.S.C. § 1915(g). The court takes judicial notice[1] of the following lawsuits previously filed by plaintiff:

    (1) <u>Pierce v. California State</u>, 2:12-cv-9211 UA CW (C.D. Cal. Nov. 20, 2012), dismissed as frivolous, malicious or fails to state a claim upon which relief may be granted. <u>Id.</u>, ECF No. 5.

    (2) <u>Pierce v. Gonzales</u>, 1:10-cv-0285 JLT (E.D. Cal. Dec. 3, 2012), dismissed for failure to state a claim upon which relief may be granted. <u>Id.</u>, ECF No. 27.

    (3) <u>Pierce v. Unknown</u>, 1:15-cv-00650 DAD DLB (E.D. Cal. Dec, 1, 2015), dismissed for failure to state a claim upon which relief may be granted. <u>Id.</u>, ECF No. 38.

The court's review of the above records reveals that on at least three occasions, lawsuits filed by plaintiff have been dismissed on the grounds that they were frivolous or malicious or failed to state a claim upon which relief may be granted. Therefore, this court finds that plaintiff is precluded from proceeding in forma pauperis in this action unless plaintiff is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). To meet the exception, plaintiff must have alleged facts that demonstrate that he was "under imminent danger of serious physical injury" at the time of filing the complaint. <u>Andrews v. Cervantes</u>, 493 F.3d 1047, 1053 (9th Cir. 2007) (holding that "it is the circumstances at the time of the filing of the complaint that matters for purposes of the 'imminent danger' exception under § 1915(g).").

Plaintiff has not alleged any facts which suggest that he is under imminent danger of serious physical injury. In his complaint, plaintiff names as defendants the Prison Law Clinic at the University of California-Davis School of Law, the Coalition for Women Prisoners, Amnesty International, Business Wire, the Washington Internet Daily, and the International Herald Tribune. <u>See</u> ECF No. 1 at 1. His allegations against these defendants are difficult to discern. He claims, with no explanation, that: (1) he is a protected class member; (2) that an unspecified appeals process has been 'falsified'; and (3) that 'the Riverside Court' and Riverside District

---

[1] Judicial notice may be taken of court records. <u>Valerio v. Boise Cascade Corp.</u>, 80 F.R.D. 626, 635 n.1 (N.D. Cal. 1978), <u>aff'd</u>, 645 F.2d 699 (9th Cir.), <u>cert. denied</u>, 454 U.S. 1126 (1981).

Attorney have entered into an agreement to conceal unspecified evidence. Id. at 2. None of these allegations, or any other information in the complaint, indicate that he is in imminent danger of physical injury.

Because the court finds that plaintiff has not made the requisite showing of "imminent danger" to qualify for an exception to the "three strikes" bar under 1915(g), plaintiff will be denied in forma pauperis status and be required to pay the full filing fee in order to proceed with this action.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's request to proceed in forma pauperis (ECF No. 2) is denied;
2. Plaintiff is required to pay the filing of $400.00 in full within twenty-one (21) days of this order's entry; and
3. Failure to pay the filing fee as directed will result in a recommendation that this action be dismissed.

DATED: May 10, 2017

*/s/ Allison Claire*
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

3